UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEMAINE T. PATE,

        Plaintiff,

v.

C.O. BRANDON HORTON,

        Defendant.

Case No. 22-CV-1506-JPS

**ORDER**

---

Plaintiff Jemaine T. Pate, an inmate confined at the Wisconsin Resource Center, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendant C.O. Brandon Horton ("Horton") violated his constitutional rights. ECF No. 1. This Order addresses Plaintiff's motion to proceed without prepayment of the filing fee and screens Plaintiff's complaint.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On February 27, 2023, the Court assessed Plaintiff $0.00 as the initial partial filing fee and to notify the Court within twenty-one days if he did not wish to proceed. ECF No. 10. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay

the remainder of the filing fee over time in the manner explained at the end of this Order.

2. SCREENING THE COMPLAINT

    2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799

F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff's allegations stem from incidents that occurred during his stay at the Milwaukee Secure Detention Facility. ECF No. 1 at 2. On August 18, 2022, Plaintiff alleges that Horton retaliated against him for calling Prison Rape Elimination Act ("PREA") on him on August 13, 2022. *Id.* Horton was doing an observation check when he stopped two cells away from Plaintiff's cell and said, "Make me suit up so I can break yo neck." *Id.* There was a CPT on the unit at this time and Horton walked down the stairs making threatening gestures at Plaintiff behind Cpt. Knox's back. Plaintiff told this to Cpt. Knox, who then went to review the video footage.

Horton maliciously and sadistically humiliated Plaintiff in front of the whole unit by calling him "gay" and saying, "I'll [expletive] you in the ass now go report that." *Id.* at 2–3. Plaintiff informed Sgt. Johnson and Cpt. Knox that he was calling PREA and that he feared for his life and safety. *Id.* Plaintiff sought help from psychological services due to Horton's outrageous and reckless conduct. *Id.* Plaintiff suffered nightmares, depression, and anxiety as a result of this incident. Plaintiff worries if he gets out of the hole that Horton will have him attacked and raped. *Id.*

### 2.3 Analysis

Under the Eighth Amendment, a state may not subject prisoners "to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019) (citing *Rhodes v. Chapman*,

452 U.S. 337, 345–47 (1981)). The Supreme Court has clarified, however, that only "extreme deprivations" will amount to cruel and unusual conditions of confinement. *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). The court must judge the alleged conditions "in accordance with contemporary standards of decency." *Id.* An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In the context of a conditions-of-confinement claim, a prisoner must show that he has been deprived of "'the minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes*, 452 U.S. at 347). The subjective component requires a prisoner to demonstrate that prison officials acted with the requisite intent, that is, that the officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303.

Except in exceptional circumstances, verbal abuse or harassment from prison officials does not constitute cruel and unusual punishment. *See Beal v. Foster*, 803 F.3d 356, 357–58 (7th Cir. 2015); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), abrogated in part on different grounds by *Savory v. Cannon*, 947 F.3d 409, 423–24 (7th Cir. 2020) (*en banc*). But when the comments are repeated or of a certain nature, they may increase the plaintiff's risk of physical or psychological harm from fellow inmates. *See Beal*, 803 F.3d at 358–59. For example, statements by correctional officers made in front of other incarcerated persons about a plaintiff's sexual orientation could increase that plaintiff's risk of sexual assault or harassment. *Id.* In that scenario, verbal harassment may support an Eighth Amendment claim. *Id.*

At the screening stage, the Court will allow Plaintiff to proceed against Horton for an Eighth Amendment deliberate-indifference claim for

Page 4 of 9
Case 2:22-cv-01506-JPS   Filed 04/18/23   Page 4 of 9   Document 11

his verbal harassment of Plaintiff. The Court notes, however, that Plaintiff may have a tall hill to climb in order to survive summary judgment later in this case. While allowing claims to proceed at the screening stage, many courts applying *Beal* have later granted summary judgment on verbal harassment claims for the failure to rise to a constitutional violation. *See, e.g.*, *Robinson v. Budde,* 2021 WL 1722857 (N.D. Ill. April 30, 2021) (granting summary judgment to the defendants where the plaintiff alleged he felt humiliated, had insomnia, and isolated himself in his cell for a couple of days as a result of harassment, but there was no evidence the plaintiff sought psychological care, he did not fear a physical attack, and there were no repeated incidents of abuse); *Scruggs v. Miller,* 2016 WL 495603 (N.D. Ind. Feb. 8, 2016) (finding no constitutional claim where the defendants called an inmate a racial slur and told the inmate they wanted him dead, would have the "KKK go see his family," and would put his children's photos on child porn websites, because the harassment did not increase the risk of any future harm to the plaintiff or cause him psychological harm); *Rausch v. Bortz*, 2017 WL 6805690 (W.D. Wis. Nov. 8, 2017) (finding no constitutional claim where a prison guard told the plaintiff he probably used his hat to "wipe semen off of his celly's stomach" because the harassment was not repeated and it did not place the plaintiff at risk of assault by other inmates). Plaintiff alleges that Horton called him a homosexual and threatened to rape him. This harassment, as far as the Court can tell from the complaint, occurred only one time. However, given the extremely sensitive nature of the comments, Plaintiff conceivably "feared that [Horton's] comments labeled him a homosexual and by doing so increased the likelihood of sexual assaults on him by other inmates." *See Beal*, 803 at 358. And Plaintiff alleges that he suffered nightmares,

depression, and anxiety as a result of this incident. Given the liberal screening standard, the Court will therefore allow this case to proceed on an Eighth Amendment deliberate-indifference claim against Horton.

3.  **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment deliberate-indifference claim against Horton.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendant should take note that, within forty-five (45) days of service of this Order, he is to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendant **Horton**;

**IT IS FURTHER ORDERED** that under the informal service agreement, Defendant shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendant raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendant contemplates a motion to dismiss, the parties must meet and confer before the motion is filed. Defendant should take care to explain the reasons why he intends to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendant files a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28

Page 7 of 9
Case 2:22-cv-01506-JPS   Filed 04/18/23   Page 7 of 9   Document 11

U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2023.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202
>
> **DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.
>
> Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.